UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA JEAN MCCANNA,

      Plaintiff,

v.

THE FRESH MARKET,

      Defendant.

_____/

Case No. 2:26-cv-230-KCD-DNF

## **ORDER**

Defendant Fresh Market removed this slip-and-fall case from state court. (Doc. 1.)[1] For the reasons below, Fresh Market must supplement the Notice of Removal.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions with diversity jurisdiction, which require complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

330 F.3d 1308, 1310 (11th Cir. 2003). When the court questions the basis for jurisdiction, like here, "the defendant seeking removal must establish by a preponderance of the evidence" that the case belongs in federal court. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). When determining the amount in controversy, a district court may consider the complaint, the defendant's notice of removal, and other relevant evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Fresh Market says the amount in controversy is satisfied because of Plaintiff's admission that she is seeking damages of more than $75,000 and the complaint's allegations. (Doc. 1 ¶¶ 4, 15.) The Court disagrees.

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any

doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

To start, the complaint is sparse on specifics, containing only a laundry list of conclusory damages, such as bodily injury, pain and suffering, and loss of capacity to enjoy life. (Doc. 1-1 ¶ 13.) Such generalized claims do not show that the amount in controversy is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So the pleadings don't help much. And the fact that Plaintiff admitted her damages exceed $75,000 deserves some weight, but it's also not dispositive. *See, e.g., Kohrig v. Pavilion at HealthPark LLC*, No. 2:25-CV-95-SPC-NPM, 2025 WL 1012333, at *1 (M.D. Fla. Apr. 4, 2025) (explaining that a response to a request for admission alone "is insufficient to establish the amount in controversy"); *Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, at *2 (M.D. Fla. July 31, 2017) (same); *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *3 (M.D. Fla. Dec. 11, 2017) (explaining that courts within the Middle District of Florida have held that "responses to requests for admissions can be conclusory and lack factual support").

Ultimately, no concrete damages are outlined in the notice of removal. Thus, Fresh Market needs to show (by a preponderance of the evidence) that Plaintiff's damages exceed $75,000 to reach the jurisdictional threshold. *See,*

*e.g.*, *Raslavich v. Albee Baby Carriage Co.*, No. 8:22-CV-2207-CEH-MRM, 2022 WL 6698826, at *1 (M.D. Fla. Oct. 11, 2022). ("When the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.") To remedy these deficiencies, Fresh Market may supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

By **February 19, 2026**, Fresh Market must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction. **Failure to do so will result in the Court remanding this case without further notice**.

**ORDERED** in Fort Myers, Florida on February 5, 2026.

Kyle C. Dudek
United States District Judge

4